UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY ALYSE FENTON,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | No. 2:25-cv-03414-DC-JDP<br><br><u>ORDER DENYING MOTION TO REMAND</u><br>(Doc. No. 6) |

This matter is before the court on Plaintiff's motion to remand this case to the Solano County Superior Court. (Doc. No. 6.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 21.) For the reasons explained below, the court will deny Plaintiff's motion to remand.

**BACKGROUND**

Plaintiff Haley Alyse Fenton alleges that on or around June 1, 2024, she purchased a 2024 Chevrolet Tahoe (the "Subject Vehicle"). (Doc. No. 1-1 at 6.) Plaintiff alleges that after she took possession of the Subject Vehicle, it exhibited defects to its engine, which render the vehicle non-conforming with Defendant's express and implied warranties. (*Id.* at 7.) Plaintiff delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant allegedly failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California law. (*Id.* at 7–11.)

Plaintiff alleges four causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.* at 7–10.)

On October 21, 2025, Plaintiff filed the complaint initiating this action in the Solano County Superior Court against Defendant General Motors LLC. (*Id.* at 5–6.) On November 21, 2025, Defendant answered Plaintiff's complaint in the superior court.[1] (Doc. No. 1–2.)

On November 24, 2025, Defendant filed a notice of removal removing the case to this court on the basis of diversity jurisdiction. (Doc. No. 1.)

Plaintiff filed the pending motion to remand on December 22, 2025. (Doc. No. 6.) On January 5, 2026, Defendant filed an opposition to the pending motion. (Doc. No. 8.)[2] Plaintiff filed a reply thereto on January 8, 2026. (Doc. No. 13.)

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district

---

[1] In Defendant's notice of removal, Defendant states that as of the date that notice was filed, Sacramento Superior Court had not yet docketed Defendant's answer. (Doc. No. 1 at 2.) The court notes Defendant has not yet provided the court with a conformed copy of the answer Defendant filed in Solano County Superior Court.

[2] The court notes that Defendant initially omitted Exhibit B from its filing, which was referenced in Defendant's opposition. (Doc. No. 8 at 21–22). Defendant later filed Exhibit B as an attachment to the refiled opposition. (Doc. Nos. 10; 10-1.) For clarity, the court will cite to Doc. No. 8 when citing to the opposition brief, Doc. No. 8-1 when citing to Exhibit A, and Doc. No. 10-1 when citing to Exhibit B.

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**ANALYSIS**

**A. Timeliness**

Pursuant to 28 U.S.C. § 1446, there are two distinct 30-day periods during which a case may be removed to federal court. 28 U.S.C. § 1446(b). Specifically, a case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively revealed" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). Regarding the first period, the Ninth Circuit clarified that removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make a further inquiry." *Harris*, 425 F.3d at 694. Thus, if removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 693. The second 30-day period is triggered when there occurs in a case "a change in the parties or other circumstances revealed in a newly-filed 'paper.'" *Id.* at 694. If neither 30-day period applies, the Ninth Circuit has held removal is proper where the defendant removes within one-year of the filing of the complaint after ascertaining removability "on the basis of [defendant's] own information." *Gomez v. Gen. Motors LLC,* No. 2:25-cv-03416-DAD-CSK, 2026 WL 2754557, at *2 (E.D. Cal. Sept. 17, 2026) (finding removal was timely where "defendant removed based instead on its own investigation and filed its notice of removal within one year of the filing of [the] plaintiff's complaint") (citing to *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)) ("We conclude that §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the

thirty-day deadlines.”).

Here, the parties disagree as to whether Defendant was put on notice of the grounds for this case to be removed to federal court within either of the 30-day periods. Plaintiff first argues that Defendant was on notice of the removability of the superior court action as of Defendant’s receipt of the complaint because the complaint includes the year, make, model, and VIN number of the Subject Vehicle. (Doc. No. 6 at 11–12.) Thus, Plaintiff contends that Defendant’s removal is untimely under the first 30-day period of removal. (*Id.* at 13.) Defendant counters that Plaintiff’s citizenship and the amount in controversy are indeterminable from the face of the complaint, so this action’s removability was not triggered at the time the complaint was served. (Doc. Nos. 1 at 7–10; 8 at 17–21.)

When a complaint alleges the plaintiff’s residency, but omits her domicile or citizenship, the first thirty-day window of removability is not triggered. *Harris*, 425 F.3d at 692 (quoting 28 U.S.C. § 1446(b)). “[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face.” *Id.* at 694. Here, Plaintiff alleges only that she is a resident of Linden, California. (Doc. No. 1-1 at 6.) Plaintiff’s complaint is bereft of information regarding Plaintiff’s domicile or citizenship, which is insufficient to establish citizenship. *See Babekian v. Gen. Motors, LLC*, No. 2:25-cv-03412-DAD-JDP, 2026 WL 2824785, at *3 (E.D. Cal. Sept. 21, 2026) (finding a plaintiff’s citizenship was insufficiently alleged because the complaint alleged “only [p]laintiff’s residency, not his domicile or citizenship”). Thus, the court finds that removability is not ascertainable from the face of the complaint because Plaintiff’s citizenship was not plainly determinable there, such that the first 30-day period of removability was not triggered.

Second, Plaintiff avers that Defendant was put on notice of removability when Plaintiff produced to Defendant the sales contract for the Subject Vehicle. (Doc. Nos. 6 at 6; 6-1 at 2–3.) In her motion to remand, Plaintiff states that on September 25, 2025—several months before Plaintiff filed this lawsuit—she produced to Defendant a copy of the Subject Vehicle’s sales contract and repair order history. (*Id.*) Plaintiff argues her production of these documents to Defendant constitutes a trigger for the second 30-day period of removal, such that Defendant’s

deadline for removal was October 27, 2025, which renders Defendant's removal on November 24, 2025 untimely.[3] (*Id.* at 6–8.) In opposition, Defendant contends that no "other paper" put it on notice of removability and argues that the second 30-day period does not apply because Defendant did not rely on the sales contract in removing this case, but rather, Defendant conducted an independent investigation to determine whether there were grounds for removal. (Doc. No. 8 at 12–13.)

The Ninth Circuit has clearly held that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885–86 (9th Cir. 2010). The Ninth Circuit explained,

> [i]t is axiomatic that a case cannot be removed before its inception. If [$ 1446(b)] were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical.

*Id.*; *see also Godoy v. Fam. Dollar, Inc.*, No. 1:16-cv-00969-DAD-JLT, 2016 WL 4925826 (E.D. Cal. Sept. 16, 2016) (denying motion to remand and finding that a damages statement produced before the filing of the complaint was not an "other paper" that would trigger the 30-day window for removal).

Here, given that Plaintiff's complaint was filed on October 21, 2025, and Plaintiff produced the sales contract and repair order history to Defendant on September 25, 2025, the production of those materials preceded the filing of the complaint and cannot constitute an "other paper." Thus, the second 30-day period for removal was not triggered.

In sum, because Defendant removed this case to federal court within one year of the filing of the complaint and neither 30-day period for removal applies, the court finds that removal was

---

[3] The court notes that the 30-day deadline after September 25, 2025 would have fallen on Saturday, October 25, 2025. Accordingly, pursuant to the Federal Rules of Civil Procedure, Monday, October 27, 2025 would have been the proper filing date. Fed. R. Civ. P. 6(a)(1)(C); *Rodriguez v. Gen. Motors LLC*, No. 2:25-cv-02590-DC-CSK, 2026 WL 2198822 (E.D. Cal. July 30, 2026) (explaining that district courts in the Ninth Circuit have "repeatedly and consistently held that Rule 6 applies to timeliness calculations under § 1446(b)(1)") (citing to *Kellman v. Home Depot, LLC*, No. 25-cv-06974-JST, 2025 WL 3097919, at *1 (N.D. Cal. Nov. 6, 2025)).

timely.

**B. Amount in Controversy**

Pursuant to 28 U.S.C. § 1332, the party seeking to remove must demonstrate complete diversity among the parties and an amount in controversy in excess of $75,000. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1332(a)). Complete diversity is not disputed by either party here. Instead, Plaintiff argues that the court does not have jurisdiction over this matter because Defendant has not established that the amount-in-controversy exceeds $75,000. (Doc. No. 6 at 13–15.) Conversely, Defendant avers that an evaluation of the actual damages, civil penalties, and attorneys' fees at issue in this case supports Defendant's contention that the amount in controversy exceeds $75,000, such that court has jurisdiction over this matter. (Doc. No. 8 at 21–23.)

Where it is unclear from the face of the complaint whether the amount in controversy requirement is satisfied, the removing party bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). The amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales*, 840 F.3d at 648–49). Conclusory allegations as to the amount in controversy are insufficient. *Id.* (citing *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as evidence submitted by the parties relevant to the amount in controversy. *Id.*

1. Actual Damages

Plaintiff does not allege monetary damages with specificity in the complaint. Based on its investigation, Defendant estimates the cash price of the Subject Vehicle to be $68,543.04 with a mileage offset of $5,758.19 and "$4,745.00 in other offsets including third party contracts, GAP financing, and rebates." (Doc. No. 8 at 21.) Accordingly, Defendant estimates actual damages of $69,496.81. (*Id.* at 22.)

In the motion to remand, Plaintiff argues that Defendant has proffered only conclusory,

speculative evidence to support its calculation of actual damages. (Doc. No. 6 at 13.) Plaintiff stresses that Defendant has not "produced any evidence" to support its factual contentions and "ignores the statutory mileage offset." (*Id.* at 14.)

As noted above, and contrary to Plaintiff's assertion, Defendant explicitly accounts for the statutory mileage offset in calculating the amount in controversy. (Doc. No. 8 at 21–22.) Moreover, in its opposition, Defendant attaches the sales contract for the Subject Vehicle, showing the cash price of the Subject Vehicle to be $68,543.04. (Doc. No. 8-2 at 3); *see Wario v. Gen. Motors, LLC*, No. 1:25-cv-01720-KES-FJS, 2026 WL 2254353, at *2 (E.D. Cal. Aug. 4, 2026) (stating "actual damages are calculated by identifying the total cash price stated on the Retail Installment Sales Contract, adding any interest paid, [and] subtracting the 'mileage offset'"). Defendant also attaches the repair history for the Subject Vehicle, which shows the Subject Vehicle's mileage when it was first presented for repair and the reason why it was presented for repair. (Doc. No. 10-1 at 3); Cal. Civ. Code § 1793.2(d)(2)(C) (stating the mileage offset calculation must account for "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity"). Defendant explains how it arrived at the actual damages determination of $69,496.81 using these numbers and the calculations established under California law. (Doc. No. 8 at 21–25.) Plaintiff does not, either in her motion to remand or reply, rebut Defendant's calculations with a proposed estimation of her own. *See Alvarado v. FCA US, LLC*, No. 5:17-cv-00505-MRW, 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (finding a defendant's calculations proper where a plaintiff failed to provide alternative mileage offset calculations in his motion for remand or reply, stating "neither his Motion nor his Reply offer an alternative to the total cash price he paid for the subject vehicle in estimating his actual damages, . . . [and] Plaintiff does not indicate what the appropriate mileage offset should be").

Accordingly, the court finds that Defendant has established by a preponderance of the evidence that Plaintiff's actual damages are at least $69,496.81.

/////

2. Civil Penalties

Pursuant to the Song-Beverly Act, where a plaintiff proves that a defendant's failure to comply with the Act was willful, a plaintiff may recover "a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c).

In Plaintiff's complaint, regarding the first, second, and third causes of action, she alleges that Defendant's conduct was "willful" and that "Defendant and its representatives knew of their legal obligations and intentionally declined to follow them" and requests "a civil penalty in the amount of two times Plaintiff's actual damages." (Doc. No. 1-1 at 7–9.) Despite this, Plaintiff contradicts herself in her reply by arguing that "an assumption of 2x civil penalty is unjustified." (Doc. No. 13 at 7.) Defendant avers that including a calculation of civil penalties in its estimation of damages is accurate, and Defendant estimates that two times the amount of actual damages, in addition to actual damages, "brings the total damages to $208,490.44." (Doc. No. 8 at 23.)

District courts in the Ninth Circuit have found that including an estimation of civil penalties in the calculation of the amount in controversy is appropriate where a plaintiff alleges willful conduct by the defendant and requests civil penalties in her prayer for relief. *Midile v. Gen. Motors LLC*, No. 2:25-cv-03480-JAM-CKD, 2026 WL 1470626, at *3 (E.D. Cal. May 26, 2026); *Wario*, 2026 WL 2254353 at *3 (finding it proper to double the amount of actual damages to estimate civil penalties and including that number in the total amount in controversy).

Here, Plaintiff alleges willful misconduct against Defendant multiple times in her complaint. (Doc 1-1 at 7–9.) As noted above, alongside those allegations, Plaintiff also requests civil penalties amounting to "two times Plaintiff's actual damages." (*Id.*) Accordingly, based on Defendant's estimate of $69,496.81 in actual damages, the court finds the civil penalties at issue in this case could be twice that amount, up to $138,993.62 The evidence submitted by Defendant is sufficient to prove by a preponderance of the evidence that the amount in controversy,

/////

/////

/////

/////

$208,490.43, exceeds the $75,000 jurisdictional threshold.[4] Thus, the court concludes it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[5]

Therefore, Plaintiff's motion to remand will be denied.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motion to remand (Doc. No. 6) is DENIED; and
2. Within thirty days of the date of entry of this order, the parties are directed to file a joint status report regarding scheduling pursuant to this court's initial case management order (Doc. No. 15).

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dena Coggins
United States District Judge

[4] The court notes that this number, $208,490.43, is minimally lower than the number reached by Defendant in its opposition, which is $208,490.44. (Doc. No. 8 at 23.) Actual damages of $69,496.81, multiplied by 2, equals $138,993.62. Civil penalties of $138,993.62 added to the actual damages amount of $69,496.81 equals $208,490.43. Thus, the court has chosen to use the minimally lower number in concluding that the amount in controversy requirement has been satisfied.

[5] Because the court finds that Plaintiff's alleged actual damages and civil penalties exceed the jurisdictional threshold, it need not address the parties' arguments relating to attorneys' fees on the amount in controversy.